UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In Re:                                                                Chapter 7

                                                                       Case No. 1-16-41009-cec

ERROL DICKS,

                Debtor.
-----------------------------------------------------------X

## OPINION ON MOTION TO REOPEN PURSUANT TO 11 U.S.C. § 350(b)

APPEARANCES:

| | |
|---|---|
| David J. Doyaga Sr., Esq. | Stephen Balson-Cohen Esq. |
| 26 Court Street, Suite 1002 | Russo & Toner, LLP |
| Brooklyn, NY 11242 | 33 Whitehall Street, |
| Chapter 7 Trustee | New York, New York 10004 |
| | Attorney for Robert Gerakyn and |
| | Patrick O. Owunde |

CARLA E. CRAIG
Chief United States Bankruptcy Judge

## SUMMARY

This matter comes before the Court on the motion (the "Motion"), pursuant to 11 U.S.C. § 350(b), of the Chapter 7 Trustee (the "Trustee") and Errol Dicks (the "Debtor") (together the "Movants") to reopen the Debtor's bankruptcy case, Case No. 1-16-41009-CEC, in order to administer, and allow the Trustee to pursue, an unscheduled asset - a personal injury claim - for the benefit of the Debtor's creditors.[1] The defendants in the New York state court personal injury action (the "Defendants") opposed the motion to reopen.

For the reasons set forth below in this, the Motion is granted.

## JURISDICTION

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 1334(a) and 157(b)(2)(A). This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Federal Rules of Bankruptcy Procedure 7052.

## FACTS

The Debtor filed a voluntary petition for relief under Chapter 7 (the "Bankruptcy Case") of the Bankruptcy Code on March 14, 2016. (Case No. 1-16-41009-CEC, ECF No. 1.)[2] The Debtor's Summary of Assets and Liabilities listed the total value of assets as $22,327.00 and unsecured debt in the amount of $32,933. According to the Debtor's Schedule E/F, these claims consist primarily of consumer debts incurred within 2 to 4 years prior to the bankruptcy filing. (ECF No. 1.) The Debtor also stated on Schedule A/B that he had no claims against third parties, and that he had not filed a lawsuit or made a demand for payment. (ECF No. 1.)

---

[1] Except as otherwise indicated, statutory citations are to the Bankruptcy Code, Title 11, U.S.C.
[2] All references to "ECF No." are to documents, identified by docket entry, filed in the Bankruptcy Case, Case No. 1-16-41009-CEC).

After examining the Debtor at the section 341 meeting of creditors held on April 8, 2016, the Trustee filed a Report of No Distribution on April 21, 2016, stating that there was no property available for distribution and certifying that the case was fully administered. On June 9, 2016, an order was entered granting the Debtor a discharge pursuant to § 727 and closing the case. (ECF No. 9.) On June 26, 2017, the Trustee and the Debtor filed a joint motion to reopen the Bankruptcy Case, in order to pursue a personal injury action that the Debtor had failed to schedule in his petition. (ECF No. 12.)

The personal injury action arose out of a motor vehicle accident on September 17, 2010 in which the Debtor suffered serious injuries. The action was commenced on May 19, 2011 in Civil Court, Kings County and the claim, according to the Trustee, is valued at between $75,000-$100,000. (ECF No. 12, at 3). The Defendants opposed the motion to reopen, alleging that the criteria for reopening a bankruptcy case are not met here. The Defendants also argue that the Bankruptcy Case should be reopened only upon a showing that satisfies the requirements of Federal Rule of Civil Procedure 60 ("Rule 60").

## DISCUSSION

A. <u>Section 350(b), not Rule 60, is applicable to the Motion.</u>

A bankruptcy case begins with the filing of the petition and is closed after it is fully administered by the trustee. This is provided by § 350(a), which states that "after an estate is fully administered and the court has discharged the trustee, the court shall close the case". 11 U.S.C. § 350(a). Thereafter, a closed case may be reopened pursuant to § 350(b), which provides that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). "While the Code does not define 'other cause', the decision to reopen or not is discretionary with the court, which

may consider numerous factors including equitable concerns, and ought to emphasize substance over technical considerations." Critical Care Support Servs. v. United States (In re Critical Care Support Servs.), 236 B.R. 137, 140 (Bankr. E.D.N.Y. 1999) (quoting Batstone v. Emmerling (In re Emmerling), 223 B.R. 860, 864 (B.A.P. 2d Cir. 1997)).

In contrast, where a case is dismissed, it is not administered by the trustee. Thus, a debtor who wishes to reinstate a dismissed case must move to vacate the order of dismissal. In order to obtain relief from the order of dismissal, the moving party must satisfy the requirements of Rule 60, which is incorporated by reference in Federal Rule of Bankruptcy Procedure 9024. Rule 60(b) permits relief from a final judgment or order on certain grounds, including mistake, inadvertence, surprise or excusable neglect, fraud, and prior satisfaction of judgment, and a motion for such relief must be made within a reasonable time, and no more than a year after the entry of the order or judgment in some cases. See Fed. R. Civ. P. 60 (b), (c). It is axiomatic that relief under Rule 60(b) "is invoked only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). Where a case has been dismissed, it may not be reopened under § 350(b). As the Court explained in Critical Care, a motion to reinstate a dismissed case is considered "a collateral attack on the [final] judgment and is therefore subject, in bankruptcy as in other federal cases, to the strict limitations of [Rule 60](b)" Critical Care, 236 B.R. at 140 (quoting In re Barnes, 969 F.2d 526, 527 (7th Cir. 1992)).

The Defendants argue that this court's decision in Cole v. Household Fin. (In re Cole), 382 B.R. 20, 24 (Bankr. E.D.N.Y. 2008), stands for the proposition that the Movants must satisfy the requirements of Rule 60 in order to reopen the Bankruptcy Case. They are incorrect. In Cole, the debtor's case was dismissed for failure to file a number of required documents, including her schedules and Chapter 13 plan; her case was therefore not fully administered or

concluded with an order closing the case. She thereafter sought to reopen her case pursuant to § 350(b). Because reopening under § 350(b) is not available where the case was dismissed, the motion was treated as one seeking to vacate the order of dismissal pursuant to Rule 60. Id. ("A motion to 'reopen' a bankruptcy case that has been dismissed is in reality a motion [for] relief from the order dismissing the case pursuant to [Rule 60]").

Here, unlike in Cole, the Debtor's case was not dismissed, but was instead fully administered and closed after the issuance of an order granting the Debtor a discharge. No order dismissing the case was entered at any time. Therefore, the Movants properly sought to reopen the Bankruptcy Case under § 350(b), and are not required to make the showing required to vacate an order of dismissal under Rule 60.

B. Cause Exists to Reopen Under § 350(b).

Federal Rule of Bankruptcy Procedure 5010 provides that "a case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b)." Fed. R. Bankr. P. 5010. "When a case has been closed, courts have held that the court 'has a duty to reopen the case whenever there is proof that is has not been fully administered.'" In re Stein, 394 B.R. 13, 15-16 (Bankr. E.D.N.Y. 2008). In addition, "a bankruptcy proceeding may be reopened…to determine whether additional assets may be available for creditors of the estate." In re Narcisse, No. 96-21345, 2013 Bankr. LEXIS 1336, *13 (E.D.N.Y. 2013) (quoting Zinchiak v. CIT Small Bus. Lending Corp. (In re Zinchiak), 406 F.3d 214, 224 (3d Cir. 2005)).

The decision whether to reopen a closed case lies within the discretion of the bankruptcy court which issued the order closing the case. Critical Care, 236 B.R. at 140; see also In re Arana, 456 B.R. 161, 172 (Bankr. E.D.N.Y. 2011) *aff'd* 2012 U.S. Dist. LEXIS 113133 (E.D.N.Y. Aug. 12, 2012) ("Bankruptcy courts have broad discretion in deciding whether to reopen a closed case"). The moving party bears the burden to establish that the case should be

reopened. In re Arana, 456 B.R. at 172. Courts may consider a number of factors when deciding whether to grant a motion to reopen a case, including (1) the benefit to the creditors; (2) the benefit to the debtor(s); (3) whether an adverse party will be prejudiced by reopening the case; (4) whether the debtor's failure to disclose was inadvertent; (5) the amount of time that has passed since the case was closed and; (6) indications of forum shopping or other inequitable conduct. See In re Lowery, 398 B.R. 512, 515-16 (Bankr. E.D.N.Y. 2008); In re Arana, 456 B.R. at 172; In re Narcisse, 2013 Bankr. LEXIS 1336, at *15; In re Warmbrand, 2013 Bankr. LEXIS 4786, *16 (Bankr. E.D.N.Y. 2013). Application of these factors in this case results in the conclusion that sufficient cause has been shown to reopen the Bankruptcy Case to permit the Trustee to administer the personal injury action, whether the Debtor's failure to disclose it was intentional or inadvertent, because reopening presents the opportunity for a recovery for creditors.

The personal injury claim is an asset of the bankruptcy estate, even though the Debtor failed to list it as an asset in his petition. Section 541(a)(1) provides that the bankruptcy estate comprises of all legal and equitable interests of the debtor as of the commencement of the estate. 11 U.S.C. § 541(a)(1). This includes "causes of action owned by the debtor or arising from property of the estate." In re Narcisse, 2013 Bankr. LEXIS 1336, at *9-10 (quoting Chartschlaa v. Nationwide Mut. Ins. Co., 538 F.3d 116, 122 (2d Cir. 2008)). Therefore, the Debtor's personal injury claim, which arose before he filed his bankruptcy petition, became property of the bankruptcy estate upon the commencement of the Bankruptcy Case.

In a Chapter 7 case, the trustee is solely responsible for administering the assets of the estate. See 11 U.S.C. §§ 303, 704. A Chapter 7 debtor is therefore unable to dispose of estate assets, including a cause of action, unless the Chapter 7 trustee abandons the asset. In re Arana,

456 B.R. at 170 ("the debtor does not have standing to initiate or pursue an action based on a prepetition claim unless the trustee abandons it back to the debtor"). It therefore follows that if a debtor fails to disclose an asset, the asset remains property of the estate until administered or abandoned by the trustee, even after the case is closed. See 11 U.S.C. § 554(d) ("[u]nless the court orders otherwise, any property of the estate that is not abandoned…and that is not administered in the case remains property of the estate."); In re Warmbrand, 2013 Bankr. LEXIS 4786, at *13 ("when a debtor fails to disclose litigation claims or rights, those rights remain property of the bankruptcy estate even after a case is closed, and the chapter 7 trustee is the proper party in interest to prosecute those lawsuits." (citations omitted)); see also 123 Cutting Co. v. Topcove Assocs., 770 N.Y.S.2d 365, 366 (App. Div. 2003) ("a debtor's failure to list a legal claim as an asset in his or her bankruptcy proceeding causes the claim to remain the property of the bankruptcy estate and precludes the debtor from pursuing the claim on his or her own behalf" (citations omitted)).

In determining whether a debtor's non-disclosure was inadvertent, a court may consider whether the debtor "lacks knowledge of [the] existence [of an asset] or a motive to conceal." In re Warmbrand, 2013 Bankr. LEXIS 4786, at *12. Where the debtor has failed to disclose a pending personal injury action, courts may require testimony of the debtor and other witnesses to reach the conclusion that the debtor's omission was inadvertent. E.g., In re Arana, 456 B.R. at 176 (pro se debtors testified credibly that they did not understand questions about pending lawsuits in the bankruptcy schedules); In re Narcisse, 2013 Bankr. LEXIS 1336, at *30 (medical testimony received that the debtor had suffered mental impairment impeding his capacity to understand legal proceedings).

Here, it is unnecessary to hear testimony on this question. Even if it is assumed that the debtor's failure to disclose was not inadvertent, consideration of other factors, particularly the potential benefit to creditors if the trustee is allowed to administer this asset, compels the conclusion that the case should be reopened.

The potential benefit to creditors is the most important factor in determining whether to reopen a case to administer an asset. See In re Arana, 456 B.R. at 175; In re Warmbrand, 2013 Bankr. LEXIS 4786, at *23. Here, there are creditors who could benefit from the Trustee's administration of this asset. The Debtor's schedules show unsecured claims totaling $32,933 (ECF No. 1). Even if the proceeds are subject to a lien in the amount of $18,251.03 (see Motion, ECF No. 12, at 3), a successful outcome in the action could provide a significant recovery to creditors. If this case is not reopened based on the Debtor's lack of inadvertence in failing to disclose the asset, the result would be unfair to the Debtor's creditors, who would lose the opportunity to benefit from this asset.

This is also not a case where an extensive period of time elapsed between the closing of the case and the motion to reopen, such that creditors would be unlikely to file proofs of claim. Compare In re Lowery, 398 B.R. at 516 (finding that "no real benefit" would be enjoyed by anyone other than the debtor where 8 years elapsed before debtor sought reopening and the scheduled debts were incurred 10 to 14 years earlier). The Bankruptcy Case was closed approximately 18 months before this motion was made, and the claims are not stale. Moreover, as one court has noted, "the risk that some creditors may not be located or file a claim does not outweigh the benefit to creditors who receive notice and decide to file claims." In re Arana, 456 B.R. at 175-76.

The Defendants also argue that reopening the Bankruptcy Case would prejudice them because if the Bankruptcy Case is not reopened, the personal injury action will be dismissed because of the Debtor's lack of standing. See 123 Cutting Co., 770 N.Y.S.2d at 366. However, it is well established that the fact that a defendant will be required to defend a case on the merits does not constitute legal prejudice that weighs against granting the motion to reopen. "There can be no doubt that [the defendant] views itself as disadvantaged if this case is reopened, because it will be required to defend the Malpractice Action on the merits. But that is not the same as legal prejudice." In re Arana, 456 B.R. at 177; accord In re Narcisse, 2013 Bankr. LEXIS 1336, at *33; In re Warmbrand, 2013 Bankr. LEXIS 4786, at *22. Indeed, if the Bankruptcy Case is not reopened, the Defendants may receive a windfall at the creditors' expense by obtaining a dismissal "based on a technical defense that is far afield from the merits of the claims or defenses." In re Arana, 456 B.R. at 177.

The final consideration is the potential benefit to the Debtor. It is unknown whether the Debtor will benefit by reopening the Bankruptcy Case. He has not claimed an exemption in the proceeds of the action, and it is not known whether the prosecution of this action would create a surplus estate. In addition, if it is determined that the Debtor's failure to disclose was wrongful, the Debtor's recovery could possibly be challenged by the defendants under the doctrine of "judicial estoppel or other equitable defenses." In re Arana, 456 B.R. at 171 ("a debtor who has crossed the line from honest but unfortunate to dishonest and scheming should not be permitted to profit from intentional misconduct that offends the integrity of the bankruptcy process"). Ultimately, any benefit to the Debtor is "secondary to protecting the creditors' interests in a potential recovery", In re Warmbrand, 2013 Bankr. LEXIS 4786, at *23, and therefore does not affect the decision to reopen the Bankruptcy Case.

## **CONCLUSION**

For the foregoing reasons, the Motion is granted.  A separate order will be issued.



**Dated: Brooklyn, New York**
**December 14, 2017**

**Carla E. Craig**
**United States Bankruptcy Judge**